# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HARRY LEE DAVIS, JR.,

    Petitioner,

-vs-                                            Case No. 8:09-CV-702-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Respondent filed a response in which he asserts, *inter alia*, that Petitioner's petition must be dismissed as time-barred (Dkt. 10). Petitioner filed an amended reply to the Respondent's response (Dkt. 14). The Court agrees with Respondent that the petition must be dismissed as time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction was final on March 8, 2001,[1] and the limitation period expired one year later, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Petitioner commenced a state Rule 3.850 motion for post-conviction relief on January 15, 2003, which was timely within the state two-year period for filing a Rule 3.850 motion, but beyond the March 2002, federal limitation deadline. As a consequence, the Rule 3.850 proceeding, and the April 4, 2008 state petition for writ of habeas corpus (See Dkt. 12 at Exhibit 10), could not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Consequently, Petitioner's federal petition is untimely.

In his amended reply, Petitioner argues that his petition is timely because the charging indictment was defective, and under Florida law a defective indictment claim "can be raised at anytime." (See Dkt. 14 at pg. 5). Petitioner is incorrect. There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective. *See Johnson v. Jones,* 2006 U.S. Dist. LEXIS 97534, 2006 WL 2092601, *2 (M.D.Ala. 2006).

---

[1] Petitioner's direct appeal concluded on December 8, 2000, when his conviction was affirmed. *Davis v. State*, 781 So. 2d 367 (Fla. 2d DCA 2000)[table]. The conviction was final for federal statute of limitation purposes 90 days later, which represents the time allowed for filing a petition for the writ of certiorari, 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec. Dept. Corr.*, 292 F.3d 1347 (11th Cir. 2002).

Furthermore, the factual predicate for Petitioner's claim, the alleged defect in the information, was known or should have been known to Petitioner before his conviction and sentence became final. Therefore, § 2244(d)(1)(A) triggered the one year limitation period, not § 2244(d)(1)(D). *See Mattern v. Sec'y for the Dep't of Corr.*, 494 F.3d 1282, 1286 (11th Cir. 2007).

Petitioner has not shown any extraordinary circumstances that prevented him from filing his federal petition within the one-year time limit. Therefore, Petitioner's petition is untimely, and he is not entitled to equitable tolling.[2]

Accordingly, the Court ORDERS that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 7, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
          Counsel of Record

---

[2] To the extent Petitioner asserts "procedural actual innocence" (Dkt. 14 at pg. 7), he fails to present a colorable claim of actual innocence. His "actual innocence" claim rests exclusively on the alleged indictment deficiency. Petitioner must show "factual innocence, not mere legal insufficiency." *Justo v. Culliver*, 317 Fed. Appx. 878, 881 (11th Cir. 2008) (unpublished opinion) (quoting *Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998)).